■ ELI BOMASH, Appellant, v ZOLTAN FRIEDMAN et al., Defendants, and MARVIN NEIMAN et al., Respondents.—Appeal by the plaintiff from (1) an order of the Supreme Court, Kings County (Vinik, J.), dated October 7, 1988, which (a) granted the motion of Marvin Neiman, P. C., to quash the plaintiff's information subpoenas and to vacate restraining notices served by the plaintiff, (b) directed the plaintiff and his counsel to cease and desist from interfering with the distribution of certain funds to creditors of the defendants Zoltan Friedman and Herman Friedman, and (c) denied the plaintiff's cross motion to compel Marvin Neiman, P. C., and others to respond to the information subpoenas and to turn over the aforementioned funds to the plaintiff; and (2) so much of an order of the same court, dated November 15, 1988, as upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated October 7, 1988, is dismissed, as that order was superseded by the order dated November 15, 1988, made upon reargument and renewal; and it is further,

Ordered that the order dated November 15, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly determined that the plaintiff could not recover the disputed funds by way of motion, as those funds were not in the possession of the judgment debtors Zoltan Friedman and Herman Friedman and therefore could only be obtained by commencement of a special turnover proceeding pursuant to CPLR 5225 (b) (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5225:5, at 243-245).

In any event, we agree with the Supreme Court's conclusion that the assignment by the judgment debtors Zoltan Friedman and Herman Friedman to the Creditors' Committee of the Diamond Dealers Club of the right to receive the funds was valid and was perfected prior to the plaintiff's acquisition of a default judgment against the Friedmans. Accordingly, the plaintiff cannot satisfy his judgment from the proceeds of the assignment. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.